Gabrielli, J. (concurring).
I concur in the opinion authored by Judge Jones and am in entire agreement with his analysis that it is for the court to determine whether a particular dispute is arbitrable with respect to a Taylor Law arbitration and, further, that in such an arbitration proceeding, a court should not be bound by any presumption of arbitrability. It should be emphasized that in fulfilling this particular function, a court must carefully limit its inquiry to the threshold question of arbitrability, and must not determine the merits.
I do not think that we need reach the question of arbitrability in the present case, however, for there exists an even more compelling reason for denying arbitration. Shortly after arbitration was sought, the teacher, Mrs. Gargiul, appealed to the Commissioner of Education from the board’s action. This appeal, instituted under section 310 of the Education Law, was founded on her contention that the board’s actions violated the State Education Law and Executive Law, as well as the Federal Constitution. The commissioner dismissed the *516 appeal, finding that the board’s actions were justified. By electing to pursue her section 310 remedy under the circumstances of this case, the teacher must be found to have waived her right to seek arbitration of the same issues.
In reaching this conclusion, I am aware that in Matter of City School Dist. of Poughkeepsie (Poughkeepsie Public School Teacher’s Assn.) (35 NY2d 599), this court found that a teacher’s section 310 appeal to the commissioner, under the facts of that case did not bar arbitration. The two cases, however, are clearly distinguishable. The dispute in Poughkeepsie arose from the school district’s refusal to approve a teacher’s application for transfer to another position. In her section 310 appeal, the teacher argued that the district had violated section 2510 of the Education Law, dealing with the rights of a person whose position is abolished to be appointed to a similar position should one subsequently become available. At the same time arbitration was sought, and it was held that in the section 310 appeal there was no waiver of the right to arbitrate. In reaching this conclusion, it was stated that although the procedures were in some ways in the pleading sense duplicitous, there was actually no possibility of inconsistent results since the 310 appeal was based solely on the statute, whereas the arbitration involved the extensive provisions in the collective bargaining agreement concerning the promotional policy of the school system. In the present case, however, there is a clear possibility of inconsistent results. The Poughkeepsie arbitration was founded on provisions in the contract clearly dealing with the questidn there under consideration. Those contractual provisions gave the teachers considerable rights not specifically granted them by law, rights not the subject of the commissioner’s decision. Here, on the contrary, there exists no contractual provision concerning the underlying dispute. The faculty association seeks to bring this dispute to arbitration under the contractual provisions concerning salary and benefits. This connection is tenuous at best. Actually, the only question to be decided is whether the school board had the authority under the applicable statute to order the teacher to submit to a medical examination by the school physician, and this is precisely the issue already determined by the commissioner.
It should be noted, moreover, that the present arbitration agreement is much more limited than the one in Poughkeepsie. The arbitration agreement in Poughkeepsie provided only *517 that it was not applicable to " 'any disciplinary proceedings under §§ 2508 and 2509 of the Election Law, or to any matter of compensation which may be appealable to the Commissioner’ ” (35 NY2d, at p 605). The present agreement excludes "any matter involving a Teacher’s rate of compensation, retirement benefits, disciplinary proceeding or any matter which is otherwise reviewable pursuant to law”. Under this more limited arbitration agreement, it seems apparent that a waiver is present.
Although this point appears related to the issue of arbitrability, it is not the same argument and need not be resolved in the same way. For example, had the teacher in this case instituted a grievance when she was first instructed to submit to an examination by the male physician, the dispute might well have been arbitrable, as is discussed below. Nonetheless, arbitration would still have been waived by her completion of the section 310 appeal. We are here dealing not with whether the dispute is arbitrable, but rather with the question of whether the grievant has waived whatever right to arbitrate she might have had absent the section 310 appeal. In making this latter determination, however, it does not seem improper to consider the extent of the arbitration agreement as it reflects on the likelihood of a waiver. Accordingly, it must be found that in the present case, the teacher’s actions in taking a section 310 appeal resulted in a waiver of arbitration.
Assuming, arguendo, that there had been no waiver, I would nonetheless concur. In the present case, we are faced with a narrow arbitration provision which contains a rather broad exclusionary clause. The function of the court is to determine whether the present dispute is more aptly characterized as involving a disciplinary proceeding, which is not arbitrable under the present agreement, or a matter relating to a teacher’s health, which may be arbitrable. I believe that under the facts of this case, it is clear that the dispute involves a disciplinary proceeding, and is thus not arbitrable.
The teacher’s dispute with the school system covered a period of several months, during which she was several times advised that she must be examined by the school district physician, and that her request that she instead be examined by a female physician was not acceptable to the district. During this extended period she could have sought to institute a grievance, and had she done so it might well have been construed as an arbitrable dispute over a matter of a teacher’s *518 health. At any rate, she did nothing. Eventually, the school board adopted a resolution instructing her to submit to an examination by the district physician who, after studying her medical records, would determine whether an examination was necessary. The physician did so determine, and again she refused. Still, she did not institute a grievance; rather, she simply refused to obey a presumptively valid instruction of the school board. Finally, the school board ordered her placed on a temporary leave of absence without pay until she complied with the board resolution. It was only at this point that she entered a grievance.
Under these circumstances, it is clear that the present dispute more directly involves a disciplinary proceeding than a matter relating to a teacher’s health. The teacher was suspended because of her refusal to obey an apparently valid board order. Rather than instituting a grievance to determine her rights at a time when she could have done so effectively, she instead pursued a path of outright defiance of the board, and it was only after she was disciplined that she sought to challenge the board. In light of all this, this dispute must be considered to be one arising from a disciplinary proceeding, and is thereby not arbitrable under the agreement.
This is not to say that the board could transform any dispute into a nonarbitrable one by the simple expedient of formulating it in terms of a disciplinary proceeding. Where, however, as here, an employee simply ignores a valid instruction from the board rather than seeking to challenge it via the grievance process when the instruction is issued, and is subsequently disciplined for this insubordination, the dispute can only be characterized as one involving a disciplinary proceeding.
Accordingly, I concur in the holding that the order of the Appellate Division should be reversed and the order of Special Term reinstated.
Judges Jasen, Fuchsberg and Cooke concur with Judge Jones; Judge Gabrielli concurs in a separate opinion in which Chief Judge Breitel and Judge Wachtler also concur.
Order reversed, etc.